**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **MARIA CHAVARRIA; and** § | |
| **LAURO CHAVARRIA** § | |
| **VS.** § | **CIVIL ACTION NO: 4:10-cv-248** |
| § | |
| **PHARIA, LLC; and THE** § | |
| **BURROUGHS LAW FIRM, PLLC** § | **JURY DEMAND** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW MARIA CHAVARRIA and LAURO CHAVARRIA, Plaintiff in the above-numbered and styled case, complaining of and against PHARIA LLC; and THE BURROUGHS LAW FIRM, PLLC, and for cause of action would respectfully state the following:

**I. INTRODUCTION**

1. This is an action for damages brought by an individual consumer alleging that Defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392.300 et. seq. (hereinafter "TDCA") and the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41 et. seq. (hereinafter "DTPA").

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and supplemental jurisdiction for the state law claims is afforded by 28 U.S.C. § 1367. Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here and the conduct complained of occurred here.

**III. PARTIES**

3. Plaintiff, MARIA CHAVARRIA ("Ms. Chavarria") is an individual residing at: 4211 Watercolor Cove, Pasadena, Texas 77505-3899.  Plaintiff is a resident and citizen of the State of Texas.

4. Plaintiff, LAURO CHAVARRIA ("Mr. Chavarria") is an individual residing at: 4211 Watercolor Cove, Pasadena, Texas 77505-3899.  Plaintiff is a resident and citizen of the State of Texas.

5. Defendant, Pharia LLC ("Pharia") is a corporation organized under the laws of Washington and is registered to do business in Texas, and may be served with process by serving its registered agent for service of process:  C.T. Corporation System, 360 North St. Paul Street, Dallas, Texas 75201.

6. Defendant, The Burroughs Law Firm, PLLC ("Burroughs") is a professional limited liability partnership, organized under the laws of the State of Texas, and may be served with process by serving:   David Paul Burroughs, Jr., 3303 Ranch Road 620 North, Austin, Texas 78734.  Defendant has an office in Texas.

7.  Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. 1692(a)(6).

## IV. FACTUAL ALLEGATIONS

8. Defendants sought to collect a debt from Plaintiff for an alleged debt on a credit card contract.

9. Pharia filed a lawsuit against Ms. Chavarria on August 5th, 2008, alleging $13,904.19 due and owing.  However, Ms. Chavarria was never personally served with the lawsuit.

10. Although Pharia received Ms. Chavarria's address in the bill of sale for the account, they never attempted service at that address. Rather, they served a person at another by 106 service.  Ms. Chavarria has never lived at nor received mail at the address where Defendants supposedly served her.

11. Ms. Chavarria did not receive notice of the suit nor the trial date.   On April 28th, 2009, a default judgment was rendered against Plaintiff.

12.  Although Pharia did not serve Ms. Chavarria at her proper address with the lawsuit or notice of trial, they sent her post judgment discovery at her proper address.  The post judgment discovery included several threats which were in violation of the FDCPA.  This was Ms. Chavarria's first notice of the lawsuit and default judgment. At this time, Ms. Chavarria gave Pharia notice that they had not served the correct person and therefore did not have a proper judgment.   Pharia's attorney, the Burroughs Law Firm, PLLC, stated that this fact did not matter.  Burroughs then issued a write of execution against Maria Chavarria.

13.  On January 22, 2010, Defendant Burroughs threatened Lauro Chavarria, Ms. Chavarria's husband and a third party, with criminal prosecution.  The debt, however, is not in Mr. Chavarria's name.  After Burroughs' threats, Mr. Chavarria was hospitalized for chest pains due to the high degree of mental pain and distress Defendant Burroughs and Pharia caused him.

14.  Ms. Chavarria filed a bill of review with the court in which the default judgment was granted in order to present the evidence of improper service to the court as well as to Defendants.  Although all facts were presented at this time to Defendants, the Defendants have continued pursuing collection efforts on the judgment obtained through fraud.

**V.  CLAIM FOR RELIEF UNDER FAIR DEBT COLLECTION PRACTICES ACT**

15. Plaintiff incorporates paragraphs 1-13 above.

16. Defendant Pharia violated the FDCPA by purposefully and deceitfully issuing service on the incorrect party and misrepresented that service was obtained in order to obtain a default judgment in violation of 15 U.S.C. § 1692e.

17. Defendants Pharia and Burroughs violated the FDCPA by using unfair and unconscionable means to attempt to collect a debt in violation of 15 U.S.C. § 1692f.

18. Defendant Burroughs violated the FDCPA by engaging in conduct with the consequence of harassment and abuse of any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

19. Defendant Burroughs violated the FDCPA by communicating with a consumer known to be represented by an attorney in violation of 15 U.S.C. § 1692c(a)(2).

20. Defendant Burroughs violated the FDCPA by communicating with a third party without the prior consent of the consumer given directly to the debt collector, in violation of 15 U.S.C. § 1692c(b).

21. Defendant Burroughs violated the FDCPA by threatening to take an action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5).

22. Defendant Burroughs violated the FDCPA by representing that the consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. § 1692e(7).

23. Defendant Burroughs violated the FDCPA by falsely representing that nonpayment of the debt will result in arrest or imprisonment in violation of 15 U.S.C. § 1692e(4).

24. As a result of these violations of the FDCPA, Defendants are liable to the Plaintiff for a declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, additional damages, statutory damages, and costs and attorney's fees.

**VI. CLAIM FOR RELIEF UNDER THE TEXAS DEBT COLLECTION ACT AND THE**

## TEXAS DECEPTIVE TRADE PRACTICES ACT

25. Plaintiff incorporates paragraphs 1-13 above.

26. Defendant Burroughs violated the TDCA by threatening to file a charge, complaint, or criminal action against a debtor when the debtor has not violated a criminal law in violation of Tex. Fin. Code § 392.301(6).

27. Defendant Burroughs violated the TDCA threatening to take an action prohibited by law in violation of Tex. Fin. Code § 392.301(8).

28. Defendants violated the TDCA by purposefully and deceitfully issuing service on the incorrect party in order to obtain a default judgment in violation of Tex. Fin. Code § 392.301(5)(A) and Tex. Fin. Code § 392.301(5)(B).

29. Because violations of the TDCA constitute deceptive trade practices under Tex Fin. Code § 392.404(a), Defendants have also violated the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41 et. seq. furthermore, because the Defendants acted knowingly and/or intentionally, under the DTPA, Plaintiff is entitled to treble damages.

30. As a result of these violations of the TDCA and the DTPA, Defendants are liable to the Plaintiff injunctive relief, actual damages, additional damages, statutory damages, punitive damages, costs, and attorney's fees.

## VII. JURY DEMAND

31. Plaintiff demands a jury trial.

## VIII. PRAYER

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Injunctive relief for the Defendants' violations of the TDCA and the DTPA; B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), Tex. Fin. Code § 392.403(a)(2) and Tex. Bus. & Com. Code § 17.50(b)(1);

B.   Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Tex. Fin. Code § 392.403(e);

C.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), Tex. Fin. Code § 392.403(b) and Tex. Bus. & Com. Code § 17.50(d), including fees in the event of appeal;

D.   Treble damages, pursuant to Tex. Bus. & Com. Code § 17.50(b)(1), and

E.   Punitive damages, pursuant to the Texas Deceptive Trade Practices Act to deter the repeated conduct of the Defendants.

E.   Such other and further relief as may be just and proper.

Respectfully Submitted:

**Weston & Associates, PLLC**

By:/s/ Michael W. Weston
Michael W. Weston
Attorney-in-charge
Texas Bar No. 24035575, FID # 608664
5001 Bissonnet, Suite 200
Bellaire, Texas 77401
Tel. (713)623-4242
Fax. (713)623-2042
Attorney for Plaintiffs